JUDGE PAULEY

Peter R. Porcino (prp@cll.com)
Eric J. Shimanoff (ejs@cll.com)
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, NY 10036
(212) 790-9200
Attorneys for Plaintiff Mazaya Trading Co. SARL

**11 CIV 3195**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
MAZAYA TRADING CO. SARL,                    :
                        Plaintiff,     :
   -against-                                                :
VCS GROUP LLC,                                       :
                        Defendant.     :
                                      :
------------------------------------------------------------ x

Civil Action No.

**COMPLAINT**

RECEIVED MAY 11 2011 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff Mazaya Trading Co. SARL ("Plaintiff" or "Mazaya"), by and through its undersigned counsel, as and for its Complaint against Defendant VCS Group LLC ("Defendant" or "Camuto"), alleges as follows:

## NATURE OF THE ACTION

1. Mazaya brings this action to recover damages suffered by Mazaya as a direct result of Camuto's material breach of a distribution agreement between the parties, executed August 26, 2009, as amended (the "Distribution Agreement"), whereby Camuto granted Mazaya the exclusive right to distribute in certain territories certain high quality, designer footwear bearing trademarks whose rights were controlled by Camuto. Specifically, Camuto breached the Distribution Agreement by overcharging Mazaya for the footwear it purchased from Camuto by an amount to be determined at trial but currently believed to be in excess of one hundred and seventy five thousand dollars ($175,000), plus interest.

## THE PARTIES

2.  Plaintiff Mazaya is a corporation organized and existing under the laws of Lebanon with a place of business at Estral Center, 2nd Floor, Hamra Street, Beirut, Lebanon.

3.  Upon information and belief, Defendant Camuto is a limited liability company organized and existing under the laws of Connecticut with a place of business at 411 West Putnam Avenue, Greenwich, Connecticut 06830.

## JURISDICTION AND VENUE

4.  Subject matter jurisdiction is based on the diversity of citizenship of the parties with respect to an amount in controversy exceeding, exclusive of interest and costs, Seventy Five Thousand ($75,000) Dollars pursuant to 28 U.S.C. §1332(a)(2).

5.  Pursuant to the express terms of the Distribution Agreement, the parties "consent and submit to the exclusive jurisdiction and venue of the federal courts sitting in the State of New York" for the adjudication of any dispute pertaining to the Distribution Agreement or any breach thereof. Thus, venue is proper in this judicial district under 28 U.S.C. § 1391(a) and this Court has personal jurisdiction over Defendant pursuant to N.Y. C.P.L.R. §301.

## FACTS

6.  Plaintiff Mazaya is in the business of distributing high quality and designer footwear.

7.  Upon information and belief, Defendant Camuto is the master licensee of various third party licensors for the worldwide manufacture and distribution of footwear bearing the third party licensors' trademarks, including without limitation the trademarks LUCKY BRAND, BCBG MAX AZRIA, BCBGENERATION, VINCE CAMUTO and JESSICA SIMPSON (the "Camuto Footwear").

8.  On or about August 26, 2009, Mazaya and Camuto entered into the Distribution Agreement, whereby Camuto granted Mazaya the exclusive license to distribute the Camuto Footwear in certain territories.

9.  Pursuant to the Distribution Agreement, the "Product Price" Camuto was obligated to charge Mazaya for the Camuto Footwear was "First Cost" plus fifteen percent (15%) plus additional royalty and advertising costs. The Distribution Agreement defined "First Cost" as "the factory invoice price of [the Camuto Footwear] plus all applicable buying commissions."

10. Upon information and belief, despite the clear and unambiguous language setting forth the express definition of "First Cost" in the Distribution Agreement, since the time of Mazaya's first purchase of the Camuto Footwear in 2009, Camuto has calculated "First Cost" as an amount *higher* than the actual factory invoice price of the Camuto Footwear plus buying commissions, and thus charged Mazaya a price for the Camuto Footwear that is substantially higher than the "Purchase Price" agreed upon by the parties in the Distribution Agreement.

11. The Distribution Agreement does not provide any basis for Camuto to calculate "First Cost" as an amount higher than the actual factory invoice price of the Camuto Footwear plus buying commissions. Nor have the parties agreed that Camuto may calculate "First Cost" as an amount higher than the actual factory invoice price of the Camuto Footwear plus buying commissions.

12. Previously unaware that Camuto was charging Mazaya a price for the Camuto Footwear in excess of the "Purchase Price" as defined in the Distribution Agreement, Mazaya has unwittingly overpaid Camuto for the Camuto Footwear.

13. Camuto's calculation of "First Cost" as an amount greater than the actual factory invoice price of the Camuto Footwear plus buying commissions and charging Mazaya a

"Purchase Price" for the Camuto Footwear based on such inflated calculations was a material breach of the Distribution Agreement.

14. Based on preliminary calculations, Mazaya estimates that its damages resulting from Camuto's inflation of the "Purchase Price" and breach of the Distribution Agreement are at least one hundred and seventy five thousand dollars ($175,000), plus interest.

15. Pursuant to the Distribution Agreement, "If any legal action or dispute arises under this Agreement, arises by reason of any asserted breach of this Agreement, or arises between the parties and is related in any way to the subject matter of the Agreement, the prevailing party shall be entitled to recover all costs and expenses, including reasonable attorneys' fees, investigative costs, reasonable accounting fees and charges for experts."

## COUNT I
### (Breach of the Distribution Agreement)

16. Plaintiff repeats and realleges the allegations set forth above in paragraphs 1-15 herein as if fully set forth herein.

17. The Distribution Agreement is valid, binding and enforceable against Camuto.

18. Mazaya has fulfilled its obligations under the Distribution Agreement.

19. Camuto breached the Distribution Agreement by calculating "First Cost" as an amount higher than the actual factory invoice price of the Camuto Footwear plus buying commissions, thus inflating the "Purchase Price" and overcharging Mazaya for the Camuto Footwear under the Distribution Agreement.

20. Camuto's breach of the Distribution Agreement was material.

21. As a direct result of Camuto's material breach of the Distribution Agreement, Mazaya has overpaid Camuto for the Camuto Footwear and sustained damages in an amount to be determined at trial by the trier of fact, but currently believed to be in excess of one hundred

and seventy five thousand dollars ($175,000), plus interest.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant as follows:

    A.    Awarding Plaintiff all damages, in an amount to be determined at trial, sustained by Plaintiff by reason of Defendant's breach, together with interest thereon;

    B.    Awarding Plaintiff costs, expenses and reasonable legal fees; and

    C.    Awarding Plaintiff such other and further relief as the Court deems just and proper.

Dated: New York, New York
       May 11, 2011

Respectfully submitted,

COWAN LIEBOWITZ & LATMAN, P.C.

By: _____
    Peter R. Porcino (prp@cll.com)
    Eric J. Shimanoff (ejs@cll.com)
1133 Avenue of the Americas
New York, New York 10036-6799
(212) 790-9200
Attorneys for Plaintiff Mazaya Trading Co. SARL

26357/000/1240645.1