Peter R. Porcino (prp@cll.com)
Eric J. Shimanoff (ejs@cll.com)
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, NY 10036
(212) 790-9200
Attorneys for Plaintiff Mazaya Trading Co. SARL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

MAZAYA TRADING CO. SARL,                    :

              Plaintiff,          :      No. 11 Civ. 3195 (WHP) (GWG)

  -against-                                                  :
                                                             **REPLY TO AMENDED**
VCS GROUP LLC,                               :      **COUNTERCLAIMS**

              Defendant.        :

                                                            :
------------------------------------------------------------------ x

      Plaintiff Mazaya Trading Co. SARL ("Plaintiff" or "Mazaya"), by and through its undersigned counsel, as and for its Reply to the Amended Counterclaims asserted by Defendant VCS Group LLC ("Defendant" or "Camuto"), alleges as follows:

      1.  Plaintiff denies the allegations in Paragraph 1 of the Counterclaim, except admits that Defendant purports to assert claims under the same Distribution Agreement upon which Plaintiff sues in this action.

      2.  Plaintiff denies the allegations in Paragraph 2 of the Counterclaim.

      3.  Plaintiff denies the allegations in Paragraph 3 of the Counterclaim.

4. Plaintiff denies the allegations in Paragraph 4 of the Counterclaim, and refers to the contents of the Distribution Agreement for the terms thereof.

5. Plaintiff denies the allegations in Paragraph 5 of the Counterclaim, except admits that Plaintiff placed orders for Products at various times, not all of which were filled by Defendant.

6. Plaintiff denies the allegations in Paragraph 6 of the Counterclaim.

7. Plaintiff denies the allegations in Paragraph 7 of the Counterclaim.

8. Plaintiff denies the allegations in Paragraph 8 of the Counterclaim, except admits that Defendant has withdrawn approximately $60,000 from a letter of credit, but without any right to do so.

9. Plaintiff denies the allegations in Paragraph 9 of the Counterclaim, and refers to the contents of the Distribution Agreement for the terms thereof, except admits that Plaintiff held exclusive rights to sell Products in certain territories under the Distribution Agreement.

10. Plaintiff denies the allegations in Paragraph 10 of the Counterclaim, and refers to the contents of the Distribution Agreement for the terms thereof.

11. Plaintiff denies the allegations in Paragraph 11 of the Counterclaim, and refers to the contents of the Distribution Agreement for the terms thereof.

12. Plaintiff denies the allegations in Paragraph 12 of the Counterclaim, and refers to the contents of the Distribution Agreement for the terms thereof.

13. Plaintiff denies the allegations in Paragraph 13 of the Counterclaim, and refers to the contents of the Distribution Agreement for the terms thereof.

14. Plaintiff denies the allegations in Paragraph 14 of the Counterclaim, and refers to the contents of the Distribution Agreement for the terms thereof.

15. Plaintiff denies the allegations in Paragraph 15 of the Counterclaim, and refers to the contents of the Distribution Agreement for the terms thereof.

16. Plaintiff denies the allegations in Paragraph16 of the Counterclaim.

17. Paragraph 17 of the Counterclaim purports to state a legal conclusion that is incapable of response by Plaintiff.

18. Paragraph 18 of the Counterclaim purports to state a legal conclusion that is incapable of response by Plaintiff.

19. Plaintiff denies the allegations in Paragraph 19 of the Counterclaim.

20. Plaintiff repeats and realleges each and every response to paragraphs 1 through 19 of the Counterclaim above as if fully set forth herein.

21. Plaintiff denies the allegations in Paragraph 21 of the Counterclaim.

22. Plaintiff denies the allegations in Paragraph 22 of the Counterclaim.

23. Plaintiff denies the allegations in Paragraph 23 of the Counterclaim.

24. Plaintiff denies the allegations in Paragraph 24 of the Counterclaim.

25. Plaintiff denies the allegations in Paragraph 25 of the Counterclaim.

26. Plaintiff repeats and realleges each and every response to paragraphs 1 through 25 of the Counterclaim above as if fully set forth herein.

27. Plaintiff denies the allegations in Paragraph 27 of the Counterclaim.

28. Plaintiff denies the allegations in Paragraph 28 of the Counterclaim.

29. Plaintiff denies the allegations in Paragraph 29 of the Counterclaim.

30. Plaintiff denies the allegations in Paragraph 30 of the Counterclaim.

31. Plaintiff denies the allegations in Paragraph 31 of the Counterclaim.

32. Plaintiff denies the allegations in Paragraph 33 of the Counterclaim.

1275543v.1 26357/000

## FIRST AFFIRMATIVE DEFENSE

Defendant's claims, if any, are barred by its own breach of the Distribution Agreement.

## SECOND AFFIRMATIVE DEFENSE

Defendant's claims, if any, are barred by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Defendant's claims, if any, are barred as Defendant has failed to comply with the termination provisions of the Distribution Agreement.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor against Camuto as follows:

A.  Dismissing the Amended Counterclaims against Plaintiff in their entirety.

B.  Awarding Plaintiff the relief requested in the First Amended Complaint.

Dated:   New York, New York
         November 14, 2011

COWAN, LIEBOWITZ & LATMAN, P.C.

By:   ___s/ Peter R. Porcino_____
      Peter R. Porcino (prp@cll.com)
      Eric J. Shimanoff (ejs@cll.com)
      1133 Avenue of the Americas
      New York, NY  10036-6799
      Tel: (212) 790-9200
      Fax: (212) 575-0671
      Attorneys for Plaintiff